UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH YAW and
RITA STARCESKI,

                Petitioners,

      v.
                                         **DECISION AND ORDER**
                                              09-CV-499A

THE STATE OF NEW YORK ACTING
THROUGH THE CHAUTAUQUA COUNTY
DEPARTMENT OF SOCIAL SERVICES,

                Respondent.

---

## INTRODUCTION

On May 27, 2009, petitioners filed a notice of removal bringing this child custody case to this Court from the Family Court of New York, Chautauqua County. Petitioners assert that this Court has jurisdiction to resolve what they allege to be competing orders from courts in New York and New Mexico. More specifically, petitioners assert that this Court has jurisdiction to nullify state court proceedings in New York that conflict with prior proceedings in New Mexico. On June 22, 2009, respondent filed an amended motion[1] to remand this case to state court, pursuant to 28 U.S.C. § 1447(c). The Court held oral argument for

---

[1]The full papers for the motion were refiled on November 10, 2009 with appropriate redaction of the names of the children.

the motion to remand on November 12, 2009.[2] For the reasons that follow, the Court will grant respondent's motion.

## BACKGROUND

This case concerns felony child abuse charges that petitioners are facing in New Mexico, and the implications that those charges have on the custody of their children. On October 2, 2008, a New Mexico grand jury indicted each petitioner on six counts of intentional child abuse in the third degree, in violation of N.M. Stat. Ann. 1978, § 30-6-1(D) (Westlaw 2009).[3] *See id.* ("Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health; (2) tortured, cruelly confined or cruelly punished; or (3) exposed to the inclemency of the weather."); *id.* § 30-6-1(E) ("A person who commits abuse of a child that does not result in the child's death or great bodily harm is, for a first offense, guilty of a third degree felony . . . ."). The

---

[2] Attorney Laurie M. Beckerink appeared on the docket and at oral argument as a state-appointed attorney for the children in the underlying state court proceedings. Although the Court ruled at oral argument that Ms. Beckerink lacked standing to argue, her submission concerning the motion to remand (Dkt. No. 13) will remain on the docket as an *amicus* brief. *See Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (Skretny, J.) ("A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case.") (citation omitted).

[3] The amendments to this statute that the New Mexico Legislature approved on April 8, 2009, *see* 2009 N.M. Legis. Serv. 259 (West), appear not to have changed the portion of the statute cited in the grand jury indictments.

pending criminal charges concern petitioners' four daughters, who currently are between 12 and 16 years of age.  The indictments resulted from allegations that, in 2007 and 2008, petitioners confined their daughters in a family garage or a family trailer for days or weeks at a time, with limited access to food or to bathroom and showering facilities during the confinements.  The confinements allegedly occurred as a disciplinary measure.

    The parties in this case have filed extensive papers concerning what may or may not have happened in the aftermath of petitioners' indictments.  Because the Court's disposition of this case does not require any factual findings, the Court will note only briefly the key facts that appear not to be in dispute.  The petitioners' criminal charges apparently prompted family law proceedings in New Mexico.  As part of those proceedings, the State of New Mexico placed the children in temporary foster care and later permitted them to be placed with relatives of petitioners who were living in Chautauqua County.  Once the children began living in New York, family court proceedings began there regarding what the children's permanent custody arrangements should be.  Petitioners believe that any family court proceedings that occur in New York are null and void because of competing orders from New Mexico state court declaring that it will retain jurisdiction over any family law proceedings that may be necessary.  The docket does not contain any evidence of motion practice before the Family Court of New York on this issue.  Other than a denial of an emergency order to stay

proceedings, the docket also does not contain any evidence of a direct appeal of any state orders to the Appellate Division of New York State Supreme Court.

Because petitioners believe that respondent and the Family Court of New York cannot make any determinations about custody in light of New Mexico's assertion of jurisdiction, they removed the pending New York case here. Petitioners assert that this Court has jurisdiction to nullify the New York proceedings in this case pursuant to the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A. According to petitioners, the PKPA authorizes this Court to intervene in jurisdictional conflicts between state courts regarding child custody matters. In fact, on June 15, 2009, petitioners filed a motion before this Court explicitly requesting declaratory relief to that effect. In contrast, respondent argues to remand this case to the Family Court of New York because the PKPA is merely an extension of the general full faith and credit statute, 28 U.S.C. § 1738, and because neither of those statutes expands the jurisdiction of federal courts. Respondent notes further that the United States Supreme Court reviewed an essentially identical scenario over 20 years ago in *Thompson v. Thompson*, 484 U.S. 174 (1988), and held explicitly that the PKPA does not expand federal jurisdiction. Respondent additionally asserts that the notice of removal is untimely, although petitioners did file it within 30 days of a state court order that they believe made the case removable. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of

4

removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .").

## DISCUSSION

Under the PKPA, "[t]he appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State." 28 U.S.C. § 1738A(a). Additionally, "[a] court of a State shall not exercise jurisdiction in any proceeding for a custody or visitation determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody or visitation determination." *Id.* § 1738A(g). This language, as merely an application of general full faith and credit principles to the particular situation of custody disputes, neither explicitly nor implicitly creates a private right of action. *See Thompson*, 484 U.S. at 182–83 ("The significance of Congress' full faith and credit approach to the problem of child snatching is that the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action. Rather, the Clause only prescribes a rule by which courts,

5

Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a State other than that in which the court is sitting.") (internal quotation marks and citations omitted); *accord Rein v. Rein*, No. 95 Civ. 4030, 1996 WL 273993, at *5 n.2 (S.D.N.Y. May 23, 1996) ("The Supreme Court has explicitly written that the act [i.e., the PKPA] does not create a private right of action.") (citing *Thompson*). The Supreme Court's interpretation of the PKPA is consistent with the long-standing principle that federal courts do not involve themselves in family law matters. *See Fischer v. Clark*, No. 08-CV-3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009) ("It is well settled that federal courts generally do not have jurisdiction over such matters based upon a policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack. For more than one hundred years, federal courts have consistently refused to resolve domestic relations disputes. The Second Circuit has held that this exception includes civil rights actions directed at challenging the results of domestic relations proceedings.") (internal quotation marks and citations omitted). In the face of factually identical case law explicitly requiring remand, petitioners have failed to point to any material circumstances in this case that distinguish it from *Thompson* or from over a century of general jurisprudence

holding that family law matters belong to state courts. Although "ultimate review remains available in [the Supreme Court] for truly intractable jurisdictional deadlocks," *Thompson*, 484 U.S. at 187, petitioners cannot say that this case has reached that point before review by the Appellate Division or the New York Court of Appeals. *See id.* ("State courts faithfully administer the Full Faith and Credit Clause every day; now that Congress has extended full faith and credit requirements to child custody orders, we can think of no reason why the courts' administration of federal law in custody disputes will be any less vigilant."). Under these circumstances, and pursuant to 28 U.S.C. § 1447(c), this Court lacks jurisdiction to allow this case to proceed any further in this forum.

## CONCLUSION

For all of the foregoing reasons, the Court hereby grants respondent's motion. Petitioners' motion for declaratory judgment is denied without prejudice to renew in another forum, if appropriate. The Clerk of the Court is hereby directed to take the steps necessary to remand this case to the Family Court of New York, Chautauqua County.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: November 13, 2009